**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Aldrick Pat BAILEY,
Defendant-Appellant.**

No. 86–3795.

United States Court of Appeals,
Eleventh Circuit.

Oct. 19, 1987.

Donald S. Modesitt, Tallahassee, Fla., for defendant-appellant.

Lennard B. Register, III, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Aldrick Pat Bailey was convicted by a jury in the United States District Court for the Northern District of Florida of possession of cocaine with intent to distribute. He appeals that conviction. We affirm.

In March, 1986, two confidential informants contacted Bailey about the possibility of obtaining some cocaine. According to evidence presented at trial, Bailey helped the two informants obtain cocaine on two separate occasions. Those two transactions were recorded, and the recordings were introduced at trial.

Bailey was charged with knowingly and intentionally possessing cocaine with the intent to distribute it in violation of Title 21, U.S.C. sec. 841(a)(1). After one trial resulted in a hung jury, he was retried. Bailey's defense at the second trial was that he had been entrapped by the government informants. When the case was submitted to the jury, the jury deliberated for four hours and sent the judge the following questions:

1. If we believe that this person is a habitual go between, could this person be entrapped?
2. We would like more guidance on entrapment.
3. Who would have the burden to prove or disprove entrapment?

Instead of replying directly to these questions, the judge instructed the jury, "Ladies and Gentlemen of the jury: In response to your three questions, may I suggest that you read again my instructions in their entirety. If after doing that you still have a question, kindly recontact me." The defense objected to that answer.

The jury deliberated for over two and one-half hours and sent the judge another note: "Judge, Jury hung. Do we give you count—What do we do now?" The judge gave a modified Allen charge and denied defense counsel's request for further instructions on entrapment. After another three hours of deliberation, the jury returned a verdict of guilty. The court sentenced Bailey to 30 months in custody. Bailey appeals his conviction to this court.

Bailey first argues that when the jury sent its list of questions to the district court, the judge erred by referring the jury back to the earlier jury instructions rather than directly responding to the jury's questions. This argument is contrary to *United States v. Parr*, 716 F.2d 796 (11th Cir. 1983), where this circuit found no abuse of discretion in a trial judge's answering a jury's questions by referring them to previous instructions. *Id.* at 808–09.

Bailey also argues that the district court abused its discretion by refusing to give the defendant's requested instruction that the government always has the burden of proof on entrapment. A trial court's refusal to deliver a requested instruction is reversible error if (1) the instruction is substantially correct; (2) it is not covered in the charge actually delivered; and (3) the failure to give it seriously impaired the defendant's ability to present an effective defense. *United States v. Walker*, 720 F.2d 1527, 1541 (11th Cir.1983).

In this case, the appellee concedes that the requested instruction was correct. *See United States v. Hill*, 626 F.2d 1301, 1304 (5th Cir.1980). The general instruction actually given, however, adequately explained the government's burden of proof. *See United States v. Vadino*, 680 F.2d 1329 (11th Cir.1982) (a very similar case). Therefore, the district court's refusal to give the requested instruction did not impair Bailey's ability to present an effective defense.

Bailey next argues that the court erred by instructing the jury that entrapment involves inducement, but that inducement "represents more than mere suggestion, solicitation, or initiation of contact and in fact embodies an element of persuasion or mild coercion." That language, however, is an accurate representation of the law in this circuit. *United States v. Hill*, 626 F.2d 1301, 1304 (5th Cir.1980).

Bailey finally challenges the introduction into evidence of tape recordings purported to be conversations between defendant and the two informants. Bailey alleges that the tape recordings were garbled and difficult to understand and therefore untrustworthy. *See generally United States v. Llinas,* 603 F.2d 506 (5th Cir.1979) (discussing unintelligible recordings). Although the tapes were not initially sent to us as part of the record,* we have obtained them and listened to them. The admission of tape recordings into evidence is a matter committed to the discretion of the trial judge. *United States v. Onori,* 535 F.2d 938, 947 (5th Cir.1976). In this instance, we cannot say that the trial judge abused discretion.

AFFIRMED.

---

* Appellant has the burden of including in the record all the material relevant to the issues raised on appeal. *United States v. Gerald,* 624 F.2d 1291, 1296 n. 1 (5th Cir.1980).